CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

1/19/2023

LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA

v.

CARLOS WARREN

Criminal No.   3:23CR00001

*In violation of:*
18 U.S.C. §§ 371, 49
7 U.S.C. § 2156(c), (f)

## INFORMATION

The United States Attorney and Assistant Attorney General charge that:

### COUNT ONE
*Conspiracy*

1. From at least as early as June 2016 until at least March 2022, in the Western District of Virginia and elsewhere, the Defendant, CARLOS WARREN, did combine, confederate, conspire, and agree with others both known and unknown to the United States to knowingly commit offenses against the United States, that is, to violate the Animal Fighting Venture Prohibition Act's prohibition on (i) sponsoring and exhibiting fighting animals (7 U.S.C. § 2156[a][1], 18 U.S.C. § 49), (ii) possession and commerce of fighting animals (7 U.S.C. § 2156[b], 18 U.S.C. § 49), (iii) attending and spectating animal fights (7 U.S.C. § 2156[a][2][A-B], 18 U.S.C. § 49), and (iv) using interstate instrumentalities to promote and further animal fighting ventures (7 U.S.C. § 2156[c], 18 U.S.C. § 49).

### Manner and Means

2. The following manner and means were used to accomplish the objects of the conspiracy: WARREN and his co-conspirators:

1

    a. did possess, transport, and breed fighting animals (i.e., Pit Bull terriers) to be used in dog fights in Virginia and elsewhere;

    b. arranged numerous animal fights between two or more fighting dogs;

    c. paid fees and wagers associated with such dog fights, attended and spectated dog fights, and handled and personally killed dogs during such dog fights;

    d. promoted these dog-fighting ventures by circulating dog-fighting magazines and fliers using the United States Postal Service mails and other means of interstate communication. These publications included dog fight results, breeding information, interviews of known dog fighters, and offers to sell medications and other controlled substances for used in treating dogs that had participated in dog fights.

## Overt Acts

3. The following overt acts were committed by one or more of the conspirators:

    a. In or around June 2018 until at least February 2021, the exact dates being unknown to the United States, WARREN authored, edited, and circulated copies of "the Connector" from his home in California to New Mexico and other States and Territories using the United States mails.

    b. In or around March 2021, the exact dates unknown to the United States, and after federal agents with the United States Department of Agriculture confronted WARREN on his property in Rapidan, Virginia, the Defendant and a co-conspirator discussed destroying voluminous electronic evidence related to the promotion of animal fighting - e.g., destroying evidence related to "the Connector." WARREN thereafter destroyed voluminous

amounts of electronically stored information in an effort to conceal the conspiracy.

    c. From an unknown date until at least March 2022, the exact dates unknown to the United States, the Defendant operated a dog fighting "yard" on his property located in Rapidan, Virginia. That yard contained at least 11 dogs that were being raised for use in dog fighting ventures. Reproductive materials harvested from those 11 dogs were sold for breeding additional fighting animals. During that same time period, WARREN possessed and used accoutrements associated with raising fighting dogs to include various "mills" and exercise wheels, wooden sticks and hooks used to pry open dogs' jaws, paddles, chain collars, etc.

4. All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### Use of Interstate Instrumentality to Promote and Further Animal Fighting

5. Between at least June 2016 until at least February 2021, in the Western District of Virginia and elsewhere, CARLOS WARREN, did knowingly use the United States Postal Service, internet, and other interstate instrumentalities to transmit advertisements for fighting dogs and promotions for fights between two or more fighting dogs that affected interstate and foreign commerce, for the purposes of sport, wagering, and entertainment. To wit: during the above-specified time period, the Defendant authored, edited, published, and circulated "the Connector" periodical via the U.S. mails, internet, and other interstate instrumentalities. This periodical was circulated between California, Virginia, New Mexico, Puerto Rico, and other States and Territories. This periodical contained interviews of known dog fighters, the results of various dog

fights, and breeding information for fighting dogs. In addition, WARREN advertised for sale various medications for use in treating fighting dogs during and after dog fights.

6. All in violation of Title 7, United States Code, Sections 2156(c), and Title 18, United States Code, Section 49.

## NOTICE OF FORFEITURE

7. Upon conviction of one or more of the felony offenses alleged in this Information, the defendant shall forfeit to the United States pursuant to 7 U.S.C. § 2156(f) and 28 U.S.C. § 2461(c), any and all animals involved in the commission of the offense charged as well as any real or personal property involved in the commission of such offenses.

8. The property to be forfeited to the United States includes but is not limited to the following property:

- USM-001 Male canine
- USM-002 Male canine
- USM-003 Female canine
- USM-004 Female canine
- USM-005 Male canine
- USM-006 Female canine
- USM-007 Male canine
- USM-008 Female canine
- USM-009 Female canine
- USM-010 Female canine
- USM-011 Male canine
- Black HTC cell phone in case (Serial No. PA7BA0500817) as well as all data stored thereon
- Silver Verizon HTC cell phone (HYC6925LVW), accessories, and all data stored thereon
- Black Samsung cell phone (IMEI – 356256110280243) as well as all data stored thereon
- LG Expression Plus 3 cell phone (Serial No. 009HUCU0024643) as well as all data stored thereon
- Black AT&T LG cell phone and all data stored thereon
- Black Olympic 10-pound weight with white rope

- Black Samsung notebook computer (Serial No. 0Q9T92CM805574D), charger, and all data stored thereon
- 2 GB blue and silver thumb drive (and all data stored thereon)
- WD external hard drive (Serial No. WXC1E65FKY07) and all data stored thereon
- 128 GB and 32 GB camera memory cards and all data stored thereon
- Thumbdrives with extractions
- Green feedback sports scale with white rope
- Three dog collars
- One leash
- Black Allen Scale with blue cord
- Black rape stand
- Insemination kit
- White flirt pole with hide
- Hide with blue rope
- Gray 50-pound weight with red dog collar
- 2 Hides
- One 2.5-pound weight
- One 5-pound weight
- Drag harness component
- Carpet mill
- Slat mill
- Three break sticks
- Black weighted collar
- Red collar with black leash
- Leather cup holder
- Black harness
- Seven spent casings
- Assorted medication, surgical tools, vials, capillary tubes, syringes, needles, medical staplers, and other veterinary supplies
- Veterinary drug handbook
- Weighted vests
- Sperm-up supplement

- Box of holding trays
- Assorted magazines, notes, and other paperwork
- Blue collar attached to chain
- Two red collars attached to chains
- Four black collars attached to chains
- Two chains

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

_____
Todd W. Gleason
Senior Trial Attorney

1/11/2023
Date

CHRISTOPHER R. KAVANAAUGH
United States Attorney
Western District of Virginia

_____
Heather Carlton
Assistant United States Attorney

1/11/23
Date